IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| DARREN BRAD WEST, ) | |
| ) | Civil No. 2:10-CV-00716-BSJ |
| Petitioner, ) | (Crim. No. 2:05-CR-616 PGC) |
| ) | |
| vs. ) | **MEMORANDUM OPINION** |
| ) | **& ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | **FILED** |
| Respondent. ) | CLERK, U.S. DISTRICT COURT |
| ) | November 16, 2010 (3:04pm) |
| ) | DISTRICT OF UTAH |

**Procedural History**

On or about June 8, 2005, petitioner Darren Brad West was indicted on two drug-related charges. Count I was for "knowingly and intentionally possess[ing] a list I chemical, phosphorus, knowing or having reason to believe that it will be used to manufacture methamphetamine," while Count II was for "knowingly and intentionally possess[ing] a list II chemical, iodine, knowing or having reason to believe that it will be used to manufacture methamphetamine."[1] West entered guilty pleas on both counts, and on August 22, 2006 was sentenced to 108 months' imprisonment, followed by 36 months of supervised release.[2]

Petitioner appealed to the Tenth Circuit, arguing that (1) the district court erred in applying U.S.S.G. § 2D1.1(c)(2) instead of § 2D1.11 to set his offense level under the sentencing

---

[1] (*See* Indictment, filed August 17, 2005 (dkt. no. 1), in *United States v. Darren Brad West*, Case No. 2:05-CR-616 PGC (D. Utah).)

[2] (*See* Judgment in a Criminal Case, filed August 24, 2006 (dkt. no. 42), in *United States v. Darren Brad West*, Case No. 2:05-CR-616 PGC, at 6-7.)

guidelines,[3] and (2) that the district court erred in determining the amount of actual methamphetamine that could have been produced from the iodine. The Tenth Circuit found that the district court did not err with regards to either issue, and affirmed the judgment on March 6, 2008.[4]

Mr. West then filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 with the district court, alleging ineffective assistance of counsel,[5] which was denied on April 16, 2009.[6]

Mr. West has now filed a second motion to correct his sentence, ostensibly pursuant to 18 U.S.C. § 3582. Yet Mr. West's pleading challenges only the lawfulness of the particular sentence he received and not the court's jurisdiction to hear his original criminal case or to impose sentence. At this point in the case, the relief sought by Mr. West concerning the alleged sentencing error may only be obtained in this court through a § 2255 proceeding.[7] In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a claim is, in substance, a successive habeas claim if it asserts or reasserts a substantive challenge to the validity of the conviction or

---

[3] This alleged sentencing error raised by West on direct appeal appears nearly identical to that now asserted by West in his current motion.

[4] *United States v. West,* 257 Fed. Appx. 76, 77-78, 80 (10th Cir. 2008).

[5] (*See Darren Brad West v. United States*, Case No. 2:09-CV-00181 DAK (D. Utah, filed Feb. 27, 2009).)

[6] (*See* Order (dkt. no. 9), in *Darren Brad West v. United States*, Case No. 2:09-CV-00181 DAK (D. Utah).)

[7] Section 2255(a) provides for filing of a motion by one "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that *the sentence was in excess of the maximum authorized by law*, or is otherwise subject to collateral attack." (Emphasis added.)

Section 3582 provides for modification of a term of imprisonment once it has been imposed, but only upon motion by the parties and on the grounds identified in that section, or "to the extent otherwise expressly permitted by statute" or Fed. R. Crim. P. 35. 18 U.S.C. § 3582(c)(1)(B). Mr. West makes passing reference to Rule 35 in his moving papers, but his current motion was filed long after the fourteen-day time limit of Rule 35(a) had expired. He cites no other statute expressly permitting the modification of his sentence for the reasons he now asserts.

sentence. *Id.* at 532. In this context, substance prevails over style. *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) ("It is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion.")

**Statutory Requirements for Second or Successive Motions Brought Under 28 U.S.C. § 2255**

As noted above, Mr. West had already filed a § 2255 motion challenging his conviction and sentence, which was denied on its merits. His current motion must thus be construed as a "second or successive motion" under § 2255.[8] Section 2255(h) requires that

> [a] second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that . . . would be sufficient to establish . . . that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

As the Tenth Circuit explained in *Cline v. United States*, 531 F.3d 1249 (10th Cir. 2008), "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization." *Id.* at 1251 (citing *Nelson*, 465 F.3d at 1148).

Mr. West's motion does not allege any "newly discovered evidence," nor does it claim "a new rule of constitutional law," and even if it did, it was not first certified as containing such information by the Tenth Circuit and hence, pursuant to § 2255(h), must either be dismissed by this court for lack of jurisdiction, *see Nelson*, 465 F.3d at 1148-49,[9] or be transferred to the court

---

[8]"A motion to vacate will be regarded as second or successive, for purposes of 28 U.S.C. § 2255, if a previous habeas petition filed by the movant challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice." 16A Fed. Proc., L. Ed. *Habeas Corpus* § 41:498, at 480 (2007) (footnote omitted).

[9]As the *Nelson* court explained:

(continued...)

of appeals pursuant to 28 U.S.C. § 1631, if this court determines it is in the interest of justice to do so. *See Cline*, 531 F.3d at 1251-53.[10]

Mr. West argues that there is an exception to this statutory rule, namely that "since habeas corpus is, at its core, an equitable remedy, a court *must* adjudicate even successive claims when required to do so by the ends of justice."[11]  In support of this argument, he cites three prior Supreme Court cases: *Murray v. Carrier*, 477 U.S. 478 (1986), *Kuhlmann v. Wilson*, 477 U.S. 436 (1986), and *Smith v. Murray*, 477 U.S. 527 (1986).  However, on April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996,[12] which, among other things, introduced the specific procedural requirements for the filing of successive § 2255 motions referenced above. Therefore, the case precedents relied upon by petitioner prove inapposite as they represent judicial interpretations of a statute that has been subsequently altered

---

[9](...continued)
> Under Rule 9 of the Rules Governing Section 2255 Proceedings, "[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8." In other words, a second or successive § 2255 motion cannot be filed in district court without approval by a panel of this court. *See United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002); . . .  As a result, if the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading.

465 F.3d at 1148.

[10]As the *Cline* court explains:

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

531 F.3d at 1251.

[11] (Petitioner's Reply Brief to Respondent's Answer Brief, filed Sept. 28, 2010 (dkt. no. 7), at 3 (emphasis in original).)

[12] Pub. L. 104-132, 110 Stat. 1214.

by amendment.

Because Mr. West's current motion seeks relief available only under § 2255, and fails to meet the procedural requirements set forth in 28 U.S.C. § 2255(h) and Rule 9 of the Rules Governing Section 2255 Proceedings, and because his renewed claim of erroneous application of the federal sentencing guidelines likely will not suffice to warrant certification by the court of appeals were this matter to be transferred,

**IT IS ORDERED** that Mr. West's Motion to Modify, Correct and/or Reduce a Sentence (dkt. no. 1), is DISMISSED for lack of jurisdiction.

DATED this 16th day of November, 2010.

BY THE COURT:

Bruce S. Jenkins
United States Senior District Judge